## MYERS *v.* CHIEF OF BALTIMORE COUNTY FIRE BUREAU ET AL.

[No. 150, September Term, 1964.]

584

*Decided March 3, 1965.*

The cause was argued before PRESCOTT, C. J., and HAM-MOND, MARBURY, SYBERT and OPPENHEIMER, JJ.

*Marvin Ellin* for the appellant.

*Lee S. Thomson, Assistant County Solicitor for Baltimore County,* with whom were *E. Scott Moore, County Solicitor,* and *Walter R. Haile, Deputy County Solicitor,* on the brief, for the appellees.

PRESCOTT, C. J., delivered the opinion of the Court.

Appellant was a Baltimore County firefighter drawing sick pay because unable to work due to a heart ailment. On October 14, 1960, more than nine months after appellant has sustained his heart attack, the Chief of the Fire Bureau informed him by letter that: (1) he had used all of the sick leave to which he was entitled; (2) under the applicable Baltimore County personnel laws an employee should be removed from his job, if he has some permanent or chronic physical ailment

or disability which prevents the proper performance of his duties; (3) the Fire Bureau physicians had determined that he was physically unable to perform his duties as a fireman; (4) in the physicians' opinions, his illness could not be considered as having been caused by his occupation; (5) for the aforementioned reasons, he was not eligible for a disability pension.

Following receipt of this letter, the appellant, without attempting to secure administrative review of his dismissal, brought the present action in the Circuit Court for Baltimore County against the Chief of the Baltimore County Fire Bureau, the Director of Finance, the County Executive, the Secretary to the County Executive, the Director of Personnel, and the members of the Personnel and Salary Advisory Board praying that: (1) the writ of mandamus issue against the Chief of the Fire Bureau compelling him to place appellant's name on the "roll of disabled fire fighters" and continue his name thereon pending judicial review of his case; (2) the writ of mandamus issue against the Director of Finance commanding him to make retroactive salary payments to appellant from September 23, 1960, and to continue making such payments until a final determination is reached in this matter; (3) the writ of certiorari issue directing all defendants to transmit all papers, records, and evidence pertaining to appellant's disability and subsequent dismissal to the court in order that it might inquire into the regularity of the proceedings resulting in appellant's discharge; (4) the court decide, under the "Uniform Declaratory Judgments Act," appellant's rights under existing law.

From an order sustaining appellees' demurrer to appellant's third amended petition without leave to amend, appellant has taken the present appeal.

He argues, in effect, that he was improperly denied a disability pension by the appellees; that he was entitled to have a hearing before some one or more of them on the merits of his claim, which hearing was refused him; and that he is entitled to the issuance of a writ of mandamus commanding that his name be placed on the roll of disabled firefighters and continued thereon until a judicial review of appellees' actions is had.

Appellant claims that he is entitled to a disability pension,

citing § 21-9 of the Baltimore County Code (1958). That section was amended by Bill No. 154 (1959) of the Baltimore County Council, and the amended version is contained in the subsequent cumulative supplements to the Baltimore County Code (1958). Section 21-9 authorized the Director of Personnel to "retire from office" and to place on a pension role any permanent member of the Fire Bureau, provided that three separate and distinct conditions were met. These were: that the member shall have "become permanently disabled while in the active performance of duty"; that the member "shall have been examined by the board of physicians herein provided for"; and that the board of physicians' "findings as to the disability assignment as reason for a retirement shall have been certified by them to the director of personnel."

The appellant failed to allege that the Director of Personnel ever received a certification from the board of physicians as required by the provisions named above. He was advised that the physicians were of the opinion that his disability could not be considered as having been caused by his occupation; but now contends that the Director of Personnel, or someone, should be directed to retire him on a disability pension, nothwithstanding the lack of certification, or the adverse finding of the physicians.

In *Brack v. Bar Association,* 185 Md. 468, 474, this Court said:

"The petition for the writ must show both a clear legal right to the petitioner and also an imperative duty on the part of the defendant and unless these rights and duties are clearly established, there is no ground for the issuance of mandamus."

Since the appellant failed to allege the existence of all the prerequisites required by law for the payment of a pension, he has failed to establish a clear legal right to a disability pension; and further, he has failed to establish on the part of the appellees, or any of them, an imperative duty to pay him one. In fact, it is shown by the petition that the payment of a pension to the appellant is clearly *not* within the authority of the Direc-

tor of Personnel, or any of the appellees, under the provisions of § 21-9 above cited.

Appellant also contends that he was refused a hearing in connection with his removal before the board of examiners of the Fire Bureau, and cites as his authority for the requirement of such a hearing § 12-15 of the Baltimore County Code (1958). In order to dispose of this contention, it is necessary to follow the legislative history of the laws relating to the board of fire examiners and the personnel of the Fire Bureau.

Section 801 of the Baltimore County Charter contains a direction that, at the first annual legislative session after the effective date of the Charter, the County Council shall enact a county personnel law. Subsequent to said effective date, the Baltimore County Council enacted Bill No. 14 (1957), creating the "Personnel Law of Baltimore County." Thus, upon the enactment of this bill pursuant to the terms of the Charter, the board of examiners for the Fire Department was abolished. Baltimore County Charter, Section 804. Further §§ 12-10 through 12-14 inclusive of the Baltimore County Code (1958), dealing with the creation, composition and duties of the said board, were repealed by County Council Bill No. 45 (1960), enacted and effective April 25, 1960. The "Personnel Law of Baltimore County," created by Bill No. 14 (1957) above referred to, is now codified as §§ 22-1 through 22-19 of Title 22 of the Baltimore County Code (1958). Section 22-3 of this title clearly includes firemen in the "classified service" of Baltimore County, and thus makes them subject to the provisions of the law relative to employees in "classified service." Section 22-13(a) of Title 22, "Dismissals for Cause," does not require a hearing as a condition precedent to the discharge of an employee for cause.

Also contained in Bill No. 14 (1957) is § 351, which reads as follows:

> "351. Conflicting Public Local Laws Repealed.
>
> All Public Local Laws or *parts* of Public Local Laws in conflict herewith or inconsistent with the provisions of this Act are hereby repealed." (Emphasis supplied.)

By Bill No. 2 (1958) and in accordance with the provisions the Charter and the previously enacted Bill No. 14 (1957), the County Council added a new section to Title 22, known as § 22-3.1, "Personnel Rules and Regulations." The provisions of Rule 15, "Dismissal," as contained in said section, reaffirm the right of the appointing authority to remove an employee in the classified service for cause and provide that the employee shall have rights of appeal under Regulation 2.03, which provides as follows:

> "Regulation 2.03 — The Board may hear protests from employees in the County Classified Service who feel aggrieved by the personnel and employment practices of Baltimore County. All such complaints must be filed in writing directly with the Board within 30 days of the date of the incident or circumstance complained of * * *. The Board may decline to hear any complaint or other matters except those appeals specifically reserved to the Board by The Baltimore County Charter and the Personnel Law of Baltimore County."

Thus, it is seen that the law as it existed at the time the petitioner alleges he was notified of his dismissal, October 14, 1960, was as follows. The Board of Fire Examiners had been abolished, hence the appellant could not have had a hearing before that Board. The appellant, a "classified employee," was subject to the provisions of County Council Bill No. 14 (1957), later codified as Title 22 of the Baltimore County Code (1958). Section 351 of this bill had specifically repealed all "parts of Public Local Laws" inconsistent therewith. Thus, the portion of § 12-15 of the Baltimore County Code (1958), which made a hearing a condition precedent to the removal of a fireman, had been specifically repealed by the provisions of said § 351, and appellant's rights, including specifically his right to a hearing, were governed by the "Personnel Act," Title 22 of the Baltimore County Code (1958). The various provisions of Title 22 cited *supra* provided the appellant with a right of appeal from his dismissal to the Personnel and Salary Advisory Board, and had he entered such an appeal the board would have been required by the "Personnel Act" to provide him a hearing.

However, he failed to allege that he filed such an appeal to the Personnel and Salary Advisory Board, nor did he allege that he made any protest to the appellees, or any of them, either oral or written, concerning his removal by the Chief of the Fire Bureau, from the time that he received notice of his removal until the time that he brought this suit. Appellant cannot circumvent possible administrative remedies by simply bringing an action for mandamus. *Albert v. Public Service Commission,* 209 Md. 27 (1956).

Further, the appellant failed to allege any facts, sufficient under the controlling laws, to sustain his contention that his removal by the Chief of the Baltimore County Fire Bureau was "arbitrary and capricious," nor to support his allegation that he was deprived of his constitutional rights by his dismissal. Indeed, in his petition he alleges the existence of the very ground that was the basis of his removal; namely, that he was, and is, permanently disabled. The fact that he alleges that this disability was service connected cannot be allowed to cloud the issue of whether or not there was in existence a proper ground for his removal. Appellant cites no authority for the proposition that where a fireman suffers a permanent, totally-disabling injury while fighting a fire, he shall not be removed from the payroll. Where one alleges on the face of his petition the existence of the very ground which was the cause of his removal, he may not be reinstated by mandamus because of possible technical or procedural omissions. *Rogan v. Cook,* 188 Md. 345.

As the appellant failed to show in his petition any right to be restored to the payroll or to receive retroactive payments of salary from the date of his removal, or any duty on the part of the appellees, or any of them, to restore him to the payroll or make retroactive payments to him, the writ of mandamus could not properly have been issued on this score either.

The remaining subsidiary questions require little discussion. No question on appellant's prayer for a writ of certiorari was pressed or argued in his brief. The point was abandoned. Maryland Rule 831.

In the case at bar, appellant requested relief under the Uniform Declaratory Judgments Act, Code (1957), Article 31 A. The court below sustained a demurrer to the petition, and made

no declaration of rights. We have stated in, at least, five recent cases that demurrers rarely should be sustained or bills dismissed without a declaration of the rights of the parties, when declaratory judgment relief is prayed. *Md. Committee v. Tawes,* 228 Md. 412; *Reed v. Pres. of North East,* 226 Md. 229; *John B. Robeson v. Gardens,* 226 Md. 215; *Shapiro v. County Comm.,* 219 Md. 298; *Case v. Comptroller,* 219 Md. 282. This is not only the rule here, but elsewhere. See the authorities cited in *Case, supra* (219 Md. p. 288). The test to be applied when a demurrer is filed to a declaratory judgment action is set forth in *Shapiro, supra* (219 Md. pp. 302, 303). However in view of what we have held above, it would be of no substantial benefit to the parties to require the trial court to declare their respective rights; therefore, without intending to establish a precedent, we shall not reverse the order on this point.

The appellant finally contends that the trial judge abused his discretion in not permitting an amendment to his third amended petition. The contention is without merit. *Blevins v. Mullan Contracting Co., et al.,* 235 Md. 188. Cf. *Duffey v. Rickard,* 194 Md. 228.

*Order affirmed, with costs.*