## GARRETT COUNTY SANITARY DISTRICT, INC. *v.* THE MAYOR AND TOWN COUNCIL OF OAKLAND

[No. 175, September Term, 1967.]

*Decided April 2, 1968.*

The cause was argued before HAMMOND, C. J., and HOR-
NEY, BARNES, FINAN and SINGLEY, JJ.

Submitted on brief by *Jack R. Turney* for the appellant.

*William W. Grant* for the appellee.

HAMMOND, C. J., delivered the opinion of the Court.

This appeal is a legal brother of *Myers v. Chief of Fire Bu-
reau,* 237 Md. 583, 590-91. There the lower court sustained a
demurrer to a petition seeking a declaration that the peti-
tioner, a Baltimore County firefighter, was entitled to a dis-
ability pension. The petitioner clearly was not entitled to such
a pension. We said:

> "In the case at bar, appellant requested relief un-
> der the Uniform Declaratory Judgments Act, Code
> (1957), Article 31 A. The court below sustained a de-
> murrer to the petition, and made no declaration of
> rights. We have stated in, at least, five recent cases
> that demurrers rarely should be sustained or bills dis-
> missed without a declaration of the rights of the par-
> ties, when declaratory judgment relief is prayed. *Md.
> Committee v. Tawes,* 228 Md. 412; *Reed v. Pres. of
> North East,* 226 Md. 229; *John B. Robeson v. Gar-
> dens,* 226 Md. 215; *Shapiro v. County Comm.,* 219 Md.
> 298; *Case v. Comptroller,* 219 Md. 282. This is not
> only the rule here, but elsewhere. See the authorities
> cited in *Case, supra* (219 Md. p. 288). The test to be
> applied when a demurrer is filed to a declaratory judg-
> ment action is set forth in *Shapiro, supra* (219 Md.
> pp. 302, 303).[1] However in view of what we have

---

1. We said in *Shapiro,* at page 302 of 219 Md.:
"The test of the sufficiency of the bill is not whether it

held above, it would be of no substantial benefit to the parties to require the trial court to declare their respective rights; therefore, without intending to establish a precedent, we shall not reverse the order on this point."

In the case before us the appellant, the Garrett County Sanitary District, Inc., which is appealing from the sustaining of a demurrer to its petition for declaratory relief, alleged in its petition below that the Mayor and Council of Oakland by its delaying and harassing behavior had:

"jeopardized the chances of the entire Sanitary District to engage in a construction plan for the location and operation of a single sewage treatment facility for the three municipalities of Oakland-Loch Lynn-Mt. Lake Park, this treatment facility and interceptor line to be made available for a per consumer cost of approximately $2.60 per year.

"That said complainants have now established a schedule involving the preparation and marketing of a bond issue (which entails the investigation and certification by bonding counsel prior to the bond sale), a definite date for the advertising of construction bids and a deadline for the accepting of the very favorable state and

shows that the plaintiff is entitled to the declaration of rights or interest in accordance with his theory, but whether he is entitled to a declaration at all * * *,"

and in *Hunt v. Montgomery County,* 248 Md. 403, at page 409:

"The reason is plain why a demurrer should be used in declaratory judgment actions only to challenge the legal availability or appropriateness of the remedy.

'Where the plaintiff's pleading sets forth an actual or justiciable controversy, it is not subject to demurrer since it sets forth a cause of action, even though the plaintiff may not be entitled to a favorable declaration on the facts stated in his complaint; that is, in passing on the demurrer, the court is not concerned with the question whether the plaintiff is right in a controversy, but only with whether he is entitled to a declaration of rights with respect to the matters alleged.' 22 Am. Jur. 2d *Declaratory Judgments,* § 91 (1965)."

federal assistance (at least 75%) and these schedules and deadlines are critically impaired by the inaction and delaying tactics being employed by the respondent; in the event the schedule defined above is not met, the entire project as outlined above for providing sewage treatment facilities for not only the Town of Oakland, but also the two towns of Mountain Lake Park and Loch Lynn will be completely voided and lost and six years of effort and toil on behalf of the said complainant will have been wasted and in addition to this, an advance of approximately $26,500.00 for the bid plans identified above will also be voided.

"That controversy submitted herein is not a moot or abstract question and specifically involves the property rights of numerous citizens of the Town of Loch Lynn, Mt. Lake Park, and Oakland, and in addition to this the time and money involved in the six years of preparatory effort expended by the said complainant will also be completely negated should the municipality of Oakland be allowed to continue to employ its delaying or harassing tactics and this loss of time and effort and money would be a direct loss to the citizens and taxpayers of not only the Sanitary District involved, but the entire County of Garrett, Maryland."

The Sanitary Commission sought a declaration:

"That a final decree be entered by the Court stating the Municipality of Oakland is an integral part of Garrett County Sanitary District No. 1, and therefore, subject to the direction and control of the said corporate entity administering the said district, this corporate entity being controlled by its Board, the Garrett County Sanitary Commission.

"That the said decree further contain a provision that as a result of the said municipality being subject to control and authority of the said complainant, it is not at liberty to withdraw from the said District and further is not privileged to delay and harass the efforts of your complainant in attempting to provide an ap-

proved, economical interceptor system and sewage treatment facility for the three towns located within said Sanitary District."

Judge Hamill, in sustaining Oakland's demurrer to the Sanitary Commission's petition, said:

"I can't see that these municipalities are losing their inherent statutory powers and authority to operate their sewerage systems. I think the purpose of the commission is to coordinate them and establish maybe a single unit for all, in this case the three municipalities, but in the absence of contractual arrangements, I don't see where they have the authority to do it. In the absence of specific authority to the contrary, I hold that the commission does not have the right or the power or the authority to impose its sewerage system upon the town of Oakland * * *. Now we have answered the second issue, did the municipality—and I think by agreement and stipulation, did the municipality of Oakland, now I'm speaking now of the Mayor and Town Council, divest itself of its inherent and statutory powers to construct, operate and maintain a sewerage disposal system by contractual obligation with the Complainant? And we have all agreed the answer to that is, No. And the second issue is, did the creation of the Garrett County Sanitary District, Incorporated, divest the municipality of Oakland of its inherent and statutory powers to construct, maintain and operate a sewerage disposal system, and the absence of any specific authority granted by the legislature, the answer to that is, No, and for these reasons, the demurrer in this case filed by the town of Oakland will be sustained."

We think that in his informal opinion by way of colloquy, Judge Hamill correctly decided the issue before him although the formal implementation of his views should have been by way of a declaration rather than by sustaining Oakland's demurrer. *Hunt v. Montgomery County,* 248 Md. 403, and cases cited.

Code (1965 Repl. Vol.), Art. 43, §§ 645-665, make it plain that a sanitary commission's statutory powers to plan and bring to fulfillment a sanitary district are subject to the existing powers and rights of ownership of a municipality within its boundaries. Section 651 of Art. 43 says:

"None of the powers granted by this subtitle shall be exercised in the construction, improvement, maintenance, extension or operation of any project or projects which in whole or in part shall duplicate or compete with existing utilities, public or private, serving substantially the same purposes * * *."

Section 650 (b) (8) recites:

"provided, however, that no property or any interest or estate therein owned by any county, city, town or other political subdivision of the State shall be acquired by the exercise of the power of eminent domain without the consent of the governing body of such county, city, town or political subdivision * * *."

Section 665 of Art. 43 provides:

"Whenever said commission shall have extended a district's * * * system up to and is ready to connect with any municipally owned or privately owned * * * sewage system * * * it may purchase the same * * *, but shall have no right of condemnation with respect thereto * * *."

The legislature by §§ 387, 488 and 492 of Art. 12 of the Public Local Laws of Maryland (Garrett County Code, 1957) has authorized Oakland to construct and maintain a sewerage system for the town, by way of eminent domain if necessary, and has vested title to the entire system when completed or acquired in Oakland, which has an existing system.

Our conclusional views are (a) that it would have been meaningless to declare, as the Sanitary Commission sought, that Oakland is "an integral part of Garrett County Sanitary District No. 1, and * * * subject to the direction and control" of the Commission or that Oakland "is not at liberty to withdraw from

the said District," because, assuming Oakland to be within the geographic limits of the District, it need not become a part of or cooperate with the workings of the District unless it so desires; and (b) that although a justiciable controversy existed between the Commission and Oakland (*cf. Patuxent Co. v. Commissioners,* 212 Md. 543, and *Givner v. Cohen,* 208 Md. 23) and there was technical error (to be avoided in the future) in not making a declaration, the trial judge reached the right result and will be affirmed.

*Order affirmed, with costs.*