## WOODLAND BEACH PROPERTY OWNERS' ASSOCIATION, INC. *v.* WORLEY, ET UX.

[No. 233, September Term, 1968.]

*Decided May 8, 1969.*

*Motion for rehearing filed May 16, 1969; denied May 26, 1969.*

The cause was argued before HAMMOND, C. J., and MARBURY, BARNES, McWILLIAMS, ▮ FINAN and SINGLEY, JJ.

*Nicholas J. Fotos* for appellant.

No brief filed on behalf of appellees.

BARNES, J., delivered the opinion of the Court.

This appeal principally involves the correctness of a declara-

tion by the Circuit Court for Anne Arundel County (the late Judge Pitcher) in regard to the rights and obligations of certain lot owners in a development in Anne Arundel County known as Woodland Beach.

The appellant, Woodland Beach Property Owners' Association, Inc. (Woodland), is the record title holder of the beaches and parks in Woodland Beach for the purpose of keeping and maintaining them for the benefit of the property owners in that development. It filed a bill of complaint on August 11, 1967, with two exhibits, against the appellees, Raymond H. Worley and Lillian Worley, his wife, who owned lots Nos. 2121 and 2122 in the development. The allegations in the bill of complaint are substantially as follows:

Woodland was incorporated as a Maryland corporation on May 24, 1932. Its charter, filed as an exhibit, indicates that it had no capital stock, had 15 trustees and was formed for the purposes of owning, maintaining, improving, beautifying and keeping the beaches, parks and lumber buildings and structures; of maintaining, improving and beautifying the streets, roads and avenues at Woodland Beach; of owning and operating a club house or community house at the development for social, civic and recreational purposes; and, to promote and protect the rights and interests of the property owners at Woodland Beach.

By a deed, dated May 24, 1933, Frank I. Williams and Edith McC. Williams, his wife, conveyed to Woodland all of the parts of the development indicated on the duly recorded plats of Woodland Beach and also all of their right, title and interest in the streets, roads, avenues and drives designated on the plats together with other properties mentioned in the deed (also attached as an exhibit), all upon the express covenant and condition that it would keep and maintain the parks for the benefit of the lot owners of Woodland Beach and that it would at all times keep, maintain and improve the streets, roads, avenues and drives for the benefit and use of the residents and inhabitants of Woodland Beach and for the benefit of the general public.

The respondents below, and appellees in this Court, Mr. and Mrs. Worley, owned lots Nos. 2121 and 2122 on duly recorded Plat No. 1, Sheet No. 2 of Woodland Beach. They acquired

these lots by mesne conveyances from Frank I. and Edith McC. Williams, his wife, on February 26, 1957, by a deed, duly recorded, from Bessie Pitts, et al.

Woodland, pursuant to its charter, by-laws, its aims and purposes, as well as in pursuance of the trust reposed in it by the developer-grantors, improved certain beaches and parks for the use and enjoyment of the property owners and a reasonable contribution to the expense for the necessary maintenance of the beaches was computed at a cost of $3 per annum for each property owner. Each property owner was given the right to join Woodland for $6 per annum dues which included the $3 assessment or to pay the $3 maintenance expense.

Woodland also contracted with the ABC Detective Agency to post a guard at the improved beaches for the purpose of excluding all persons not having a right to use the community property and also in requiring proof of ownership and payment of the assessment by lot owners otherwise qualified to use the beaches.

The Worleys, notwithstanding appropriate notice to them of the rules and regulations, attempted to obtain entrance to one of the improved areas posted by the ABC Detective Agency and refused to disclose any credentials whatsoever, and further, attempted to enter the area forcibly by assaulting the guard posted by the detective agency who was acting within the scope of his duties as requested by Woodland.

Woodland has never desired and does not at the present time desire to shut the Worleys off from using the improved beaches and parks and has always been willing to consent to such use by them, provided, however, that they cooperate with Woodland in bearing at least their part of the burden for the maintenance of the beaches and parks.

It is then alleged in the bill of complaint that a present actual controversy exists between the parties in regard to the right of Woodland to require a reasonable contribution to the expenses of the necessary maintenance of these parks and beaches from each and every lot owner, including the Worleys, as a prerequisite to their using the improved beach areas.

The prayers for relief are substantially as follows:

1. That the Circuit Court pass a declaratory decree "requir-

ing a reasonable contribution to the expenses of necessary maintenance and repairs of the public parks by all property owners who use it."

2. That the Circuit Court also declare pursuant to the Uniform Declaratory Judgments Act, Code (1957). Article 31A, that Woodland has the right to contract with a detective agency to post guards for the purposes of enforcement of this policy and in insuring that only property owners and their guests use the improved beaches and parks, provided "that the property owners obtain a receipt that they have contributed to the reasonable expenses of maintenance" of the improved beaches.

3. That the Worleys be restrained from using any of the improved areas and beaches unless they first contribute the reasonable fixed assessment per property; and,

4. That Woodland have other and further relief.

Although the Worleys were duly summoned, they did not timely file an answer or other pleading to the bill of complaint. Woodland, on February 13, 1968, filed a motion for a decree *pro confesso* together with the usual military affidavit. On June 14, 1968, the Circuit Court, *sua sponte,* denied Woodland's motion for a decree *pro confesso* and filed its opinion, which, as will be later considered more fully, was in effect a declaration in regard to the matters set forth in the bill of complaint. Thereafter, on June 17, 1968, the Worleys filed a demurrer to the bill of complaint, in which the following was alleged as reasons for the demurrer:

1. That the Worleys when they purchased their lots "acquired a vested interest to use the designated park area on said plat irrespective of any transfer of said dedicated area by the original developer" to Woodland.

"2. And for such reasons as are more particularly set out in the Court's Memorandum Opinion which was filed in this case on June 14, 1968."

3. That the bill of complaint is bad in substance and insufficient at law.

4. For other reasons to be shown at the time of hearing.

On August 1, 1968, the Circuit Court passed an order reciting that the demurrer came on for decision under Local Rules

without hearing, and sustaining the demurrer, without leave to amend. Woodland filed a timely appeal from this order.

The appellant raises the point in this appeal that the lower court erred in sustaining the demurrer to the bill of complaint. We agree that this action was erroneous, but, as we will later develop, it was, in our opinion, harmless error, not justifying a reversal in this case.

In a number of prior cases we have indicated, with increasing emphasis, that a demurrer is seldom appropriate in an action for declaratory relief under the Uniform Declaratory Judgments Act (the Act). As we stated in *Causey v. Gray*, 250 Md. 380, 391, 243 A. 2d 575, 583-84 (1968):

> "Even in regard to the paragraphs of the bill of complaint concerning the alleged oral agreement, the allegations present a case for declaratory relief as a justiciable issue is raised. It is immaterial to the granting of declaratory relief that the court might possibly *rule against* the plaintiff and declare that the oral contract was unenforceable because of the provisions of the Statute of Frauds. As Judge Prescott, for the Court, stated in *Shapiro v. Board of County Comm'rs for Prince George's County*, 219 Md. 298, 303-04, 149 A. 2d 396, 398-99 (1959):
>
>> " 'It should be borne in mind that a demurrer is rarely appropriate in a declaratory judgment action. Where a bill of complaint shows a subject matter that is within the contemplation of the relief afforded by the declaratory decree statute, and it states sufficient facts to show the existence of the subject matter and the dispute with reference thereto, upon which the court may exercise its declaratory power, it is immaterial that the ultimate ruling may be unfavorable to the plaintiff. The test of the sufficiency of the bill is not whether it shows that the plaintiff is entitled to the declaration of rights or interest in accordance with his theory, but whether he is entitled to a declaration at all; so, even though the plaintiff may be on the losing side of the dispute, if

he states the existence of a controversy which should be settled, he states a cause of suit for a declaratory decree. 1 Anderson, *Declaratory Judgments*, Section 318.' "

Speaking generally, it is only when the declaration sought does not present a justiciable issue—as, for example, if a husband in a declaratory judgment suit seeking a divorce prayed for a declaration that his wife was guilty of constructive desertion, such a declaration being specifically excluded by § 6 of the Act—that a demurrer would be appropriate, if the lack of a justiciable issue clearly appeared on the face of the bill of complaint or declaration.

As Judge (later Chief Judge) Prescott indicated in *Shapiro, supra,* if there is a justiciable issue presented by the bill of complaint or declaration seeking declaratory relief under the Act, a declaration should be given even if it is not the declaration sought by the plaintiff and, indeed, is entirely or partially contrary to the theory of the plaintiff on which declaratory relief is sought. This departure from the established practice in other proceedings at law or in equity may make it somewhat difficult to apply in proceedings under the Act, but we hope that the trial judges of the State will bear this unusual practice in mind when considering proceedings under the Act. See *Hunt v. Montgomery County,* 248 Md. 403, 410, 237 A. 2d 35, 38 (1968).

In the instant case, the trial court, in effect, made a declaration in its memorandum opinion filed June 14, 1968, in connection with its denial of Woodland's motion for a decree *pro confesso*. In that memorandum opinion, the lower court reviewed the facts alleged in the bill of complaint and in the exhibits filed with it. The lower court then reviewed and distinguished the cases principally relied on by Woodland, i.e., *Bina v. Bina,* 213 Iowa 432, 239 N. W. 68, 78 A.L.R. 1216 (1931) and *Kepler v. Border,* 179 Iowa 318, 161 N. W. 302 (1917), pointing out that in neither of these cases was there an agreement for the maintenance and repair of the easements of way involved in those two cases. The lower court then referred to the decision of the Court of Appeals of New York in *Weil v. Atlantic*

*Beach Holding Corp.,* 1 N.Y.2d 20, 150 N.Y.S.2d 13, 133 N.E.2d 505 (1956) and to our decision in *Klein v. Dove,* 205 Md. 285, 107 A. 2d 82 (1954). The "declaration" by the lower court was as follows:

> "Without speculation as to how the Association arrived at its Three Dollar ($3.00) assessment fee or concerning itself with the differences between maintaining and improving said parks (beaches), this Court, by adopting the same reasoning as the Court in *Klein v. Dove,* supra, finds that the Respondents in the instant case are entitled to the free and unobstructed use of the parks (beaches) designated on the aforementioned plats.

> "In dismissing the Complainant's Motion for a Decree Pro Confesso, this Court points out the distinction that the Association was charged with the responsibilities of maintaining said parks (beaches) for the benefit of the *lot owners* and of maintaining the aforementioned club house for the benefit of the members of said Association." (Emphasis in the original)

The facts as alleged and as appear in the exhibits indicate that Woodland was obligated to maintain the areas in question, and no obligation was placed upon the lot owners to contribute any part of the expense of such maintenance. In some developments, the title instruments impose a specific charge on the individual lots as covenants running with the land to provide for such maintenance. See *Wehr v. Roland Park Co.,* 143 Md. 384, 387-88, 122 A. 363, 364-65 (1923), but the title instruments in the instant case do not purport to impose such a charge. On the contrary, the obligation to maintain is placed upon Woodland, without any provision giving Woodland the right to collect any sum, equitable or otherwise, from the lot owners. It is clear to us that under these circumstances we should not imply *the existence* of such a covenant and charge on the land. As Judge Grason, for the Court, quoting with approval from the opinion of the trial court, stated in *Brady v. Farley,* 193 Md. 255, 258, 66 A. 2d 474, 475 (1949):

> "In the recent case of *Norris v. Williams,* 189 Md.

73, 76, 54 A. 2d 331, 332, Judge Delaplaine, speaking for the Court, said:

" 'However, restrictions upon the use of land are in derogation of the natural right which an owner possesses to use and enjoy his property, and are repugnant to trade and commerce. Consequently, restrictive covenants are construed strictly against their establishment and effect, and liberally in support of the unrestricted use of the land. *Himmel v. Hendler,* 161 Md. 181, 155 A. 316; *Ferguson v. Beth-Mary Steel Corporation,* 166 Md. 666, 172 A. 238; *Baltimore Butchers, Abbatoir & Live Stock Co. v. Union Rendering Co.,* 179 Md. 117, 17 A. 2d 130; *Yorkway Apartments v. Dundalk Co.,* 180 Md. 647, 26 A. 2d 398; *Matthews v. Kernewood, Inc.,* 184 Md. 297, 305, 40 A. 2d 522; *Scholtes v. McColgan,* 184 Md. 480, 490, 41 A. 2d 479.'

"In the case of *Scholtes v. McColgan,* 184 Md. 480, 41 A. 2d 479, 484, the Court said:

" 'There must be borne in mind the often repeated doctrine that doubts should be resolved in favor of the unrestricted use of property.' "

In our opinion, the "declaration" of the lower court in this regard was correct.

Curiously, the Worleys, through their solicitor, filed the demurrer already mentioned on June 17, 1968 — three days after the memorandum opinion was filed—and stated as its second reason for its demurrer "such reasons as are more particularly set forth in the court's memorandum opinion which was filed in this case on June 14, 1968." It is not surprising that the lower court found these reasons persuasive and, indeed conclusive, so that it passed the order of August 1, 1968, sustaining the demurrer without leave to amend.

All of these actions were unusual in the procedural sense and are not to be commended, but in *substance* the trial court did, in our opinion, effectively give a sufficient declaration under the circumstances, in its memorandum opinion of June 14, 1968. We will give effect to the substance of the matter rather than

to reverse because of errors in form and procedure, because, in our opinion, Woodland was not injured by the errors and obtained a proper declaration by the trial court. See Maryland Rule 873 a.

*Order affirmed, the appellant to pay the costs.*