BORDERS ET AL. *v.* BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY ET AL.

[Nos. 182 and 241, September Term, 1970.]

*Decided October 15, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, McWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*Charles A. Dukes, Jr.,* with whom were *Green, Swingle, Dukes & Mann* and *Paul E. Rosenberg* on the brief, for appellants.

*Paul M. Nussbaum* for the Board of Education of Prince George's County, part of appellees.

*Gene J. Tischer, Associate County Attorney,* with whom were *Lionell M. Lockhart, County Attorney,* and *Harry L. Durity, Deputy County Attorney,* on the brief, for other appellees.

PER CURIAM.

The present appeals represent the combination of two similar challenges to the redrawing of school district lines in Prince George's County, Maryland. The complainants are the parents of school age children in the Cheverly and Radiant Valley sections of this county. They have alleged in petitions for declaratory and injunctive relief that through redistricting, their children, "solely because of their race," are being transferred to different schools than they previously attended. This redistricting by the Board of Education of Prince George's County, they claim, is in violation of the 14th Amendment to the United States Constitution, "Article 2, Maryland Declaration of Rights, 20 U.S.C., Section 884, and Title IV '1964 Civil Rights Act,' Sec. 601, et seq." The appellees, the Board of Education and the Board of County Commissioners for Prince George's County, responded to these allegations by way of demurrer and motions raising preliminary objec-

tions claiming 1) that the laws of Maryland give the county board of education absolute authority to determine geographical attendance areas and 2) that the laws of the United States give a board of education the right to establish such attendance areas upon factors that include the racial balancing of pupils.

Facing these narrow legal questions the Circuit Court for Prince George's County (Dorsey, C.J., Powers and Meloy, JJ.) with Chief Judge Dorsey dissenting, ruled that the redistricting in question was constitutionally permissible and within the discretion vested in the Board of Education. The court sustained the demurrer without leave to amend. In the second case, because of the identity of the parties and issues, Judge Powers granted motions raising preliminary objections. We conclude that it was error to dismiss the bills of complaint in both cases.

These actions were brought under the Declaratory Judgment Act, Code (1957, 1967 Repl. Vol.), Article 31A, and it is well settled in this State and elsewhere that the only place a demurrer has in declaratory judgment is to challenge the appropriateness of the remedy. *Merc.-Safe Dep. & Tr. v. Reg. of Wills,* 257 Md. 454, 263 A. 2d 543 (1970); *Garrett Co. v. Oakland,* 249 Md. 400, 240 A. 2d 228 (1968); *Hunt v. Montgomery County,* 248 Md. 403, 237 A. 2d 35 (1968); *Md. Committee v. Tawes,* 228 Md. 412, n. 4, 180 A. 2d 656 (1962); *Reed v. Pres. of North East,* 226 Md. 229, 172 A. 2d 536 (1961); *John B. Robeson v. Gardens,* 226 Md. 215, 172 A. 2d 529 (1961); *Shapiro v. County Comm.,* 219 Md. 298, 149 A. 2d 396 (1959); *Case v. Comptroller,* 219 Md. 282, 149 A. 2d 6 (1959). This same conclusion was expressed in *Shapiro v. County Comm., supra* at 302-03 where Judge, later Chief Judge, Prescott said for the Court:

"It should be borne in mind that a demurrer is rarely appropriate in a declaratory judgment action. . . . The test of the sufficiency of the bill is not whether it shows that the plaintiff is entitled to the declaration of rights or interest in

accordance with his theory, but whether he is entitled to a declaration at all; so, even though the plaintiff may be on the losing side of the dispute, if he states the existence of a controversy which should be settled, he states a cause of suit for a declaratory decree."

In the cases now before us it is quite apparent from the printed briefs as well as the oral arguments of counsel that there exists a considerable factual dispute particularly over the motives and the bases of rearranging the school attendance zones by the Board of Education. Where the appellants charge inverse racial discrimination, the school authorities retort that the opening of several new schools in the area offers ample justification for redrawing the attendance zones. Where the Board insists there is no substantial change in the distance the students live from the various schools in question, the parents claim, for instance, that the route to Fairmont Heights, one of the new schools, is indirect and tortuous while the way to Bladensburg, one of the former schools, is direct and obvious. These are examples of factual matters that could well have a critical effect on the constitutional questions involved in voluntary desegregation, yet these are the very matters that are left unresolved by the procedures utilized to dispose of these cases.

It would appear then that a proper declaration of the parties' rights can only be made through a full evidentiary hearing. This is not to suggest that where there are no factual questions and the dispute turns solely on a question of law that a declaration cannot be made without an evidentiary hearing. *Garrett Co. v. Oakland, supra; Hunt v. Montgomery County, supra.*

On remand we suggest that a brief delay may be appropriate for the trial court to consider the United States Supreme Court's forthcoming disposition of *Swann v. Charlotte-Mecklenburg Board of Education* and its related companion cases, which were argued a few days ago. While the Supreme Court's opinion may not deal di-

rectly with the questions presented here it may offer significant guidelines in the resolution of this case.

> *Orders reversed and cases remanded for further proceedings. Costs to be paid by appellees.*