494 A.2d 934

Tommie BROADWATER, Jr.

v.

STATE of Maryland et al.

No. 11, Sept. Term, 1985.

Court of Appeals of Maryland.

July 15, 1985.

Eric S. Slatkin and Karl G. Feissner, Langley Park (John E. Beckman, Jr., Mareen L. Duvall, Jr., and Feissner & Beckman, Langley Park, on brief), for appellant.

Peter E. Keith, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Jack Schwartz, Asst. Atty. Gen., Baltimore, on brief), for appellee.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ.

SMITH, Judge.

In this declaratory judgment action a trial judge failed to declare the rights of the parties and granted the State's motion to dismiss under Maryland Rule 2–322(b) for failure to state a claim upon which relief could be granted.[1] This was directly contrary to numerous of our cases. For that reason we shall not decide the interesting question presented and shall remand the case to the Circuit Court for Anne Arundel County for further proceedings.

The facts which we shall recite are gleaned from the complaint for declaratory judgment filed in the Circuit Court for Anne Arundel County by appellant, Tommie Broadwater, Jr. Broadwater is a former member of the Maryland Senate. As he puts it, he "is anxious to place his name before the voters as a Senator from Prince George's County." He was convicted in the United States District Court for the District of Maryland of conspiracy, unauthorized acquisition of food stamps, aiding and abetting, etc. On October 19, 1983, he was sentenced to imprisonment for three years with a total confinement of six months and a fine of $20,000. The remainder of the prison sentence was suspended and Broadwater was placed on probation for a period of four years following his release from confinement. The terms of probation included that he make restitution in the amount of $18,420 to the U.S. Department of Agriculture and that he complete 1,000 hours of community service. His name was stricken from the registry of qualified voters in Prince George's County pursuant to the provisions of Maryland Code (1957, 1983 Repl.Vol.) Art. 33, § 3–4(c) which states:

"No person shall be registered as a qualified voter if he has been convicted of theft or other infamous crime, unless he has been pardoned, or, in connection with his

---

**1.** Prior to July 1, 1984, under Maryland Rules 345 and 371b the motion would have been known as a demurrer.

first such conviction only, he has completed any sentence imposed pursuant to that conviction, including any period of probation imposed by virtue of parole or otherwise in lieu of a sentence or part of a sentence."

In 1984 the General Assembly proposed to the people of Maryland an amendment to Md.Const. art. 1, § 12 stating:

"Except as otherwise specifically provided herein, a person is ineligible to enter upon the duties of, or to continue to serve in, an elective office created by or pursuant to the provisions of this Constitution if the person was not a registered voter in this State on the date of the person's election or appointment to that term or if, at any time thereafter and prior to completion of the term, the person ceases to be a registered voter."

This proposal was ratified by the people of Maryland at the general election of 1984. Prior to that time Maryland law required candidates for nomination at a party primary to be registered voters. However, persons seeking by petition to appear upon the ballot as candidates were not required to be registered voters.

On September 6, 1984, Broadwater filed a complaint for declaratory judgment in the Circuit Court for Anne Arundel County against the State, the then Administrator of Election Laws, and the Secretary of State. He sought to block placement of the proposed constitutional amendment on the ballot at the 1984 general election, or, alternatively, a ruling that the proposed amendment was in conflict with three provisions of the Maryland Constitution.

Appellees moved to dismiss the complaint pursuant to Rule 2–322(b) for failure to state a claim. They urged that the proposed amendment could not violate the Maryland Constitution and was consistent with U.S. Const. amend. XIV. In response to that motion Broadwater submitted memoranda in which he further argued that the proposal violated the Fourteenth Amendment as well as the bill of attainder clause.

The trial judge heard oral argument. He then stated that "having had the opportunity to have the pleadings ... well

ahead of time [, he had] had a chance to review the law ... [and was] prepared to make a ruling [that day] on the Motion to Dismiss." He said that although "focus on this particular [constitutional] provision [might be] as a result of Mr. Broadwater's conviction and his being put out of the Senate by the body that has the power to do that [,] ... focus on a provision isn't enough to say that the provision itself ... being presented to the people is directed at him." He stated that the bill "certainly cannot be said to be unconstitutional when it's a right of the people to modify their own Constitution at any time." As to a bill of attainder, he observed, "This is not an attempt to legislatively determine guilt without a trial," adding that the amendment in question "is not specifically aimed at [Broadwater] because it covers a much broader spectrum of persons who would be in the future filing for public office." As to Broadwater's contention that he was then circulating petitions for his nomination for the Maryland Senate and that a determination should be made that those petitions were valid and thus he was nominated because the then existing law did not require that a potential nominee by petition be a registered voter, the judge said:

> "[I]f the people of the State of Maryland adopt this provision to the Constitution, whoever files in 1986 has to be governed by what the law is at that time. If he is saying that what the law is now continues over to 1986, I think that the Constitutional Amendment itself covers that that he not only after the election but as to—it mentions that prior to the completion of the term the person ceases to be a registered voter—well, 'or was not a registered voter in the State on the date of the person's election or appointment to that term.'
>
> "So he would have to be eligible as of the date of the election, not necessarily now. So I don't think that that means an awful lot."

He concluded:

> "But all told, I don't think that the complaint states a cause of action that would require any taking of testimo-

ny. And I think the law is clear that people have the right to vote on this proposed amendment to the Constitution, and so I will grant the State's Motion to Dismiss."

Counsel for Broadwater then moved to amend his complaint, which motion was denied. The trial judge then passed an order denying Broadwater's motion for summary judgment, granting appellees' motion to dismiss, and dismissing the complaint for declaratory judgment with prejudice.

Broadwater appealed to the Court of Special Appeals. We issued a writ of certiorari on our own motion prior to argument in the intermediate appellate court in order that we might address the important public question here presented. It is with regret that we find that we are unable to address those issues.

■ Legions of our cases hold that a demurrer, the type of motion to dismiss here involved, is rarely appropriate in a declaratory judgment action. *See, e.g., State v. Burning Tree Club,* 301 Md. 9, 16–18, 481 A.2d 785, 788–89 (1984); *City of Bowie v. Area Dev. Corp.,* 261 Md. 446, 456, 276 A.2d 90, 95 (1971); *Borders v. Board of Education,* 259 Md. 256, 258–59, 269 A.2d 570, 571 (1970); *Balto. Import Car v. Md. Port Auth.,* 258 Md. 335, 338–39, 265 A.2d 866, 867–68 (1970); *Merc.-Safe Dep. & Tr. v. Reg. of Wills,* 257 Md. 454, 459, 263 A.2d 543, 545–46 (1970); *Kacur v. Employers Mut. Cas. Co.,* 253 Md. 500, 504 n.2, 254 A.2d 156, 158 n.2 (1969); *Woodland Beach Ass'n v. Worley,* 253 Md. 442, 447–48, 252 A.2d 827, 830 (1969); *Causey v. Gray,* 250 Md. 380, 391, 243 A.2d 575, 583–84 (1968); *Garrett County v. Oakland,* 249 Md. 400, 401–02, 240 A.2d 228, 229 (1968); *Hunt v. Montgomery County,* 248 Md. 403, 408–10, 237 A.2d 35, 37–39 (1968); *Queen Anne's County v. Miles,* 246 Md. 355, 362, 228 A.2d 450, 453 (1967); *Myers v. Chief of Fire Bureau,* 237 Md. 583, 591, 207 A.2d 467, 471 (1965); *Kelley v. Davis,* 233 Md. 494, 498, 197 A.2d 230, 231 (1964); *Md. Committee v. Tawes,* 228 Md. 412, 419–20 n.4, 180 A.2d

656, 659 n.4 (1962); *Shapiro v. County Comm.*, 219 Md. 298, 302–03, 149 A.2d 396, 398–99 (1959).

In *Shapiro* Judge Prescott said for the Court:

"It should be borne in mind that a demurrer is rarely appropriate in a declaratory judgment action. Where a bill of complaint shows a subject matter that is within the contemplation of the relief afforded by the declaratory decree statute, and it states sufficient facts to show the existence of the subject matter and the dispute with reference thereto, upon which the court may exercise its declaratory power, it is immaterial that the ultimate ruling may be unfavorable to the plaintiff. The test of the sufficiency of the bill is not whether it shows that the plaintiff is entitled to the declaration of rights or interest in accordance with his theory, but whether he is entitled to a declaration at all; so, even though the plaintiff may be on the losing side of the dispute, if he states the existence of a controversy which should be settled, he states a cause of suit for a declaratory decree. 1 Anderson, *Declaratory Judgments*, Section 318." 219 Md. at 302–03, 149 A.2d at 398–99.

The inappropriateness of a demurrer to the merits in a declaratory judgment action was further noted for the Court by Chief Judge Hammond in *Hunt:*

"The reason is plain why a demurrer should be used in declaratory judgment actions only to challenge the legal availability or appropriateness of the remedy.

'Where the plaintiff's pleading sets forth an actual or justiciable controversy, it is not subject to demurrer since it sets forth a cause of action, even though the plaintiff may not be entitled to a favorable declaration on the facts stated in his complaint; that is, in passing on the demurrer, the court is not concerned with the question whether the plaintiff is right in a controversy, but only with whether he is entitled to a declaration of rights with respect to the matters alleged.' 22 Am. Jur.2d *Declaratory Judgments*, § 91 (1965)."

248 Md. at 409, 237 A.2d at 38.

We have mentioned situations in which a demurrer or, now, a motion to dismiss would be proper. For instance, if there were no justiciable controversy a motion to dismiss would lie. *Burning Tree*, 301 Md. at 16–18, 481 A.2d at 788–89; *Hamilton v. McAuliffe*, 277 Md. 336, 341, 353 A.2d 634, 637 (1976). In *Apostol v. Anne Arundel County*, 288 Md. 667, 676, 421 A.2d 582, 587 (1980), where taxpayers were challenging the validity of a tax in a declaratory judgment proceeding we held that the circuit court's denial of affirmative relief was correct because the payment of the tax by the plaintiffs extinguished their cause of action. Judge Barnes gave another example for the Court in *Woodland Beach Ass'n*, stating:

"Speaking generally, it is only when the declaration sought does not present a justiciable issue—as, for example, if a husband in a declaratory judgment suit seeking a divorce prayed for a declaration that his wife was guilty of constructive desertion, such a declaration being specifically excluded by § 6 of the Act—that a demurrer would be appropriate, if the lack of a justiciable issue clearly appeared on the face of the bill of complaint or declaration." 253 Md. at 448, 252 A.2d at 830.

■ On the facts of this case the State erred in moving to dismiss for failure to state a cause of action and the trial judge erred in granting the motion to dismiss. It follows, therefore, that the trial judge should have declared the rights of the parties even if such declaration might be contrary to the desires of the plaintiff. In *Takoma Pk. v. Citizens for Decent Gov't*, 301 Md. 439, 483 A.2d 348 (1984), we said:

"[W]hether the board of supervisors of elections had the right to reconsider its opinion ... was irrelevant once an action for declaratory judgment was brought and the trial court was requested to determine whether the petition was a proper one to go on the ballot. It then became

necessary that the trial court pass upon and adjudicate the issues raised." 301 Md. at 445, 483 A.2d at 352. Numerous of our cases have said that in a declaratory judgment action the court must declare the rights of the parties. *See, e.g., Jennings v. Government Employees Ins.,* 302 Md. 352, 355–56, 488 A.2d 166, 167–68 (1985); *East v. Gilchrist,* 293 Md. 453, 461 n.3, 445 A.2d 343, 347 n.3 (1982); *Shimp v. Shimp,* 287 Md. 372, 376–77, 412 A.2d 1228, 1230 (1980); *Mauzy v. Hornbeck,* 285 Md. 84, 90–92, 400 A.2d 1091, 1095 (1979); *Robert T. Foley Co. v. W.S. S.C.,* 283 Md. 140, 155, 389 A.2d 350, 359 (1978); *Donnelly Adv. Corp. v. City of Balto.,* 279 Md. 660, 672, 370 A.2d 1127, 1134 (1977); *Dart Drug Corp. v. Hechinger Co.,* 272 Md. 15, 29, 320 A.2d 266, 274 (1974); *Logan v. Town of Somerset,* 271 Md. 42, 45–46, 314 A.2d 436, 438 (1974); *Isle of Thye Land Co. v. Whisman,* 262 Md. 682, 706, 279 A.2d 484, 497 (1971); *Bruce v. Dir., Chesapeake Bay Aff.,* 261 Md. 585, 588 n.1, 276 A.2d 200, 202 n.1 (1971); *City of Bowie,* 261 Md. at 456, 276 A.2d at 95; *Woodland Beach,* 253 Md. at 447–48, 252 A.2d at 830; *Downing Dev. Corp. v. Brazelton,* 253 Md. 390, 394, 252 A.2d 849, 851–52 (1969); *Causey,* 250 Md. at 391, 243 A.2d at 583–84; *Garrett County,* 249 Md. at 404, 240 A.2d at 231; *Savings Bank v. Bank Comm'r,* 248 Md. 461, 470, 237 A.2d 45, 50 (1968); *Hunt,* 248 Md. at 408–10, 237 A.2d at 37–39; *Queen Anne's County,* 246 Md. at 362, 228 A.2d at 453; *Reed v. Pres. of North East,* 226 Md. 229, 253–54, 172 A.2d 536, 547–48 (1961); *John B. Robeson v. Gardens,* 226 Md. 215, 219 n.1, 172 A.2d 529, 530 n.1 (1961); *Case v. Comptroller,* 219 Md. 282, 288, 149 A.2d 6, 9 (1959); *Armiger v. Lewin,* 216 Md. 470, 478, 141 A.2d 151, 155–56 (1958); *Mohr v. Universal C.I.T. Corp.,* 216 Md. 197, 211, 140 A.2d 49, 55–56 (1958).

There are instances in which a trial court in a declaratory judgment proceeding may properly not declare the rights of the parties. For instance, in *Koontz v. Ass'n of Classified Emp.,* 297 Md. 521, 529–30, 467 A.2d 753, 758 (1983), we found dismissal of the proceeding was proper because the question was moot. In *Chairman of Board v. Waldron,*

285 Md. 175, 183, 401 A.2d 172, 176–77 (1979), we found that because a case lacked the necessary parties a declaration could not be made.

No reason was stated by the trial judge or any of the parties why Broadwater was not entitled to a declaration of his rights, even though the declaration might possibly be other than that sought by him. We said in *Causey*, 250 Md. 380, 243 A.2d 575:

> "Even in regard to the paragraphs of the bill of complaint concerning the alleged oral agreement, the allegations present a case for declaratory relief as a justiciable issue is raised. It is immaterial to the granting of declaratory relief that the court might possibly *rule against* the plaintiff and declare that the oral contract was unenforceable because of the provisions of the Statute of Frauds." 250 Md. at 391, 243 A.2d at 583 (emphasis in original).

Although the trial judge seemed in his oral opinion to be deciding against the view advanced by Broadwater, he failed to clearly delineate the rights of the parties. For purposes of appellate review we need the trial judge's analysis of the issues presented.

It follows, therefore, that the trial judge erred both in granting the motion to dismiss and in failing to declare the rights of the parties. Accordingly, we must vacate the judgment and remand the case for further proceedings consistent with this opinion. That does not completely dispose of the matter, however, because Broadwater indicated here and in the trial court a desire to amend his complaint. In *Crowe v. Houseworth*, 272 Md. 481, 325 A.2d 592 (1974), Judge Singley said for the Court:

> "We have said that amendments should be freely allowed in order to promote justice, *Earl v. Anchor Pontiac Buick, Inc.*, 246 Md. 653, 656, 229 A.2d 412, 414 (1967) so that cases will be tried on their merits rather than upon the niceties of pleading, *Hall v. Barlow Corp.*, 255

Md. 28, 39–40, 255 A.2d 873, 878 (1969)." 272 Md. at 485, 325 A.2d at 595.

It follows, therefore, that upon the remand Broadwater should be permitted to amend his complaint.

JUDGMENT VACATED AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION; COSTS TO ABIDE THE RESULT.

# PETITIONS FOR WRIT OF CERTIORARI
## September Term, 1985
494 A.2d 939
### *Decided July 15, 1985*

Azzaritti, Lewis v. State, Pet. Docket No. 136—denied. Opinion (No. 1004, 1984 Term, Court of Special Appeals) unreported.

Azzaritti, Lewis, Jr. v. State, Pet. Docket No. 130—denied. Opinion (No. 996, 1984 Term, Court of Special Appeals) unreported.

Bartlett v. Bartlett, Pet. Docket No. 126—denied. No opinion in Court of Special Appeals (PHC No. 17, 1985 Term).

deBorja v. deBorja, Pet. Docket No. 125—denied. Opinion (No. 849, 1984 Term, Court of Special Appeals) unreported.

Early v. Early, Pet. Docket No. 114—denied. Opinion (No. 732, 1984 Term, Court of Special Appeals) unreported.

Frisby, Andre v. State, Pet. Docket No. 134—denied. Opinion (No. 1028, 1984 Term, Court of Special Appeals) unreported.

Gibbs v. Permanent Financial Corp., Pet. Docket No. 116—denied. No opinion in Court of Special Appeals (PHC No. 1003, 1984 Term).

James, Terry Anthony v. State, Pet. Docket No. 131—denied. Opinion (No. 937, 1984 Term, Court of Special Appeals) unreported.

Lamar-Spicka v. Productions Unlimited, Pet. Docket No. 8—denied. (CAL No. 84-6178, Circuit Court for Prince George's County).

Leonard, William v. State, Pet. Docket No. 117—denied. Opinion (No. 854, 1984 Term, Court of Special Appeals) unreported.

Mahammitt, Tyrone Terry v. State, Pet. Docket No. 124—denied. Opinion (No. 987, 1984 Term, Court of Special Appeals) unreported.

Ohio Casualty Ins. v. Lee, Pet. Docket No. 123—denied. Judge McAuliffe did not participate in the consideration of this petition. Reported below: 62 Md.App. 176, 488 A.2d 988.

Payan, Farhad v. State, Pet. Docket No. 115—denied. Opinion (No. 1048, 1984 Term, Court of Special Appeals) unreported.

Peery, Wolcott Andrew Jackson, Jr. v. State, Pet. Docket No. 113—denied. Opinion (No. 810, 1984 Term, Court of Special Appeals) unreported.

Peters v. Staubitz, Pet. Docket No. 156—denied. No opinion in Court of Special Appeals (No. 122, 1985 Term).

Slear, Eugene B., Jr. v. State, Pet. Docket No. 120—denied. Opinion (No. 904, 1984 Term, Court of Special Appeals) unreported.

State v. Jay Liner, Pet. Docket No. 118—denied. Judge Cole would have granted this petition. Reported below: 62 Md.App. 381, 489 A.2d 553.

Sweeney v. Reed, Pet. Docket No. 129—denied. Reported below: 62 Md.App. 231, 488 A.2d 1016.

Thompson, Gary v. State, Pet. Docket No. 127—denied. Reported below: 62 Md.App. 190, 488 A.2d 995.

Troja v. Black & Decker Mfg. Co., Pet. Docket No. 133—denied. Reported below: 62 Md.App. 101, 488 A.2d 516.

Universal Underwriters Ins. Co. v. Lacewell, Pet. Docket No. 112—denied. (Law No. 84-2553, Circuit Court for Prince George's County).

**472**

494 A.2d 939

*Decided July 15, 1985*—Continued

Weaver, Rayford, Jr. v. State, Pet. Docket No. 135—denied. Opinion (No. 1087, 1984 Term, Court of Special Appeals) unreported.
West, Nelson Sylvester v. State, Pet. Docket No. 121—denied. Opinion (No. 1023, 1984 Term, Court of Special Appeals) unreported.