GARRETT, Judge.
The State appeals the trial court’s granting of appellee’s motion to suppress.
At the suppression hearing the original search warrant and the original “face” sheet of the probable cause affidavit could not be produced. However, the trial judge admitted copies into evidence after an officer testified that the proffered warrant and affidavit were accurate copies of the signed and dated originals. Although the trial judge found that the original search warrant had been lost after the officers returned it to the Court Clerk’s office, he granted the motion on the ground that the state failed to produce the originals at the hearing.
We find no merit to the appellee’s argument that we should uphold the trial judge *1074 because the officers failed to knock and announce their presence before they entered the premises.
In granting the motion, the trial judge erroneously relied on the factually distinguishable case of State v. Henderson, 253 So.2d 158 (Fla. 4th DCA 1971) (an unsigned and undated copy of an original search warrant left with a defendant necessitates the suppression of evidence).
Section 90.953 of the Florida Evidence Code authorizes the admission of a duplicate to the same extent as the original. At the hearing appellee did not argue any of the applicable statutory exceptions, she did not raise a genuine question as to the authenticity of the original warrant or affidavit nor did she argue that under the circumstances of the case it would be unfair to admit duplicates. Her argument below and on appeal was that the state had to produce the originals to prove the officers’ authority to conduct the search.
The trial judge should have considered the merits of the motion to suppress as if the originals had been admitted into evidence! § 90.953, Fla.Stat. (1987). Further, under the circumstances of this case even in the absence of statutory authority, the duplicates were sufficient as the best obtainable evidence. As stated in Thompson v. State, 62 Md.App. 190, 488 A.2d 995, 1006 (Ct.Spec.App.), cert. denied, 303 Md. 471, 494 A.2d 939 (1985), “[Secondary evidence is always to be preferred over no evidence at all.”
Accordingly we reverse the trial court’s granting of appellee’s motion to suppress and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
GUNTHER, J., and MCNULTY, JOSEPH P., Associate Judge, concur.