WILLIAM V. AHLGREN *v.* R. CHESTER CROMWELL

[No. 73, October Term, 1940.]

244

*Decided January 3rd, 1941.*

The cause was submitted on briefs to BOND, C. J., PARKE, SLOAN, MITCHELL, JOHNSON, and DELAPLAINE, JJ.

*George B. Woelfel* and *Thomas J. Grogan, Jr.*, for the appellant.

*William C. Walsh, Attorney General* and *Norwood B. Orrick, Assistant Attorney General,* for the appellee.

SLOAN, J., delivered the opinion of the Court.

William V. Ahlgren, a watchman at the State House in Annapolis, a position from which he had been dismissed, applied for the writ of mandamus to compel R. Chester Cromwell, superintendent of public buildings and grounds, to reinstate him.

The petition recites that on October 1st, 1920, Governor Albert C. Ritchie, by executive order, on the authority of section 21, chapter 41, Acts of 1920, undertook to extend the State Merit System (Code, article 64A), by taking into the system the State House watchmen, who had been excluded by section 2 of the Act of 1920; that on February 26th, 1937, the petitioner took an examination for classified service as watchman, passed, and on or about September 1st, 1937, was certified to the Governor and appointed to the position by him, where he remained until May 31st, 1940 ,when he was discharged by the superintendent of public buildings and grounds, R. Chester Cromwell, by order of the Governor, without any charges being preferred, but merely on the theory that his position was not under the Merit System, and, therefore, he was removable by the Governor; that the removal of the petitioner was in violation of article 64A of the Code, Act of 1920, ch. 41; and of section 4, part 1, chapter 29 of the Acts of 1922, and of chapters 70 and 515 of the Acts of 1939.

The respondent, appellee, demurred to the petition, and, from an order sustaining the demurrer, the petitioner appeals.

By section 2 of article 64A, it was provided that certain named positions or offices should not be included in the classified service, "and all other persons holding positions by direct appointment from the Governor or from the Board of Public Works."

Section 59 of article 41 of the Code, Act of 1906, ch. 551, provides that the Governor shall appoint, "A competent person to be superintendent of public buildings and grounds, * * * three persons to watch and guard the public buildings by day, and to act also as policemen,

\* \* \* three persons to watch and guard the public buildings by night." So that these, and the petitioner is one of them, under this statute receive their appointments directly from the Governor and are excluded in terms from the Merit System, article 64A.

The petitioner contends, however, that this provision is nulified by the Act of 1920, ch. 41, sec. 21, Code of. 1939, art. 64A, sec. 25, which reads: "The Governor, may, by executive order, from time to time, add to the classified service such offices and places of employment excepted from or not included in the classified service as hereinbefore defined, as he may think advisable; whereupon such offices and places so added shall become a part of the classified service in the same manner as those hereinbefore classified, and shall not be taken out of the classified service except by an act of the Generaly Assembly." The question then is the validity of this section. The court below held that it is invalid and that the executive order of December 28th, 1920, was void and of no effect. A mandamus had been sought in the same court by the predecessor of the appellee in this case, with the same result, but no appeal was there taken.

Section 59, article 41 of the Code, which provides for the appointment of watchmen by the Governor, is an Act of the Legislature, as is chapter 41 of the Act of 1920, excepting the same position from the classified or merit system, and there is nothing in the Act of 1920 which expressly or by implication repeals it, unless the delegation of power in the Governor by section 21 is to be so construed. What this section does, if valid, is not to disturb section 59 of article 41, by the Act of 1920, but to give the Governor the power to recognize and follow it, or to repeal it at his pleasure; in other words, so far as section 59 is concerned, grant to the executive power to legislate. It was a legislative act to adopt the provision for the appointment of the watchmen; it requires action by the Legislature to repeal or amend it, and we have not been shown, nor do we find, that this has been done. *Calvert County v. Monnett*, 164 Md. 101, 104, 164 A. 155.

Article 8 of the Declaration of Rights says: "That the Legislative, Executive and Judicial powers of Government ought to be forever separate and distinct from each other; and no person exercising the functions of one of said Departments shall assume or discharge the duties of any other." To enforce section 21, chapter 41 of the Acts of 1920, would be a violation of the Declaration of Rights. As was said in *Bradshaw v. Lankford,* 73 Md. 428, 21 A. 66, "By the constitution of this state the power to enact laws belongs to the general assembly, composed, of the senate and the house of delegates, and this being so, it is a well-settled principle of constitutional law that the power thus delegated cannot be redelegated to the people themselves. Our government is a representative government, and, to the members of the general assembly, the people have confided the power to pass such laws as they, in the exercise of their judgment, may deem best for the public interests, and they have no power to substitute the judgment of others in matters of legislation for the judgment of those to whom this sovereign trust has been committed." As there also said, this rule has certain qualifications, not necessary to rehearse here, but the rule as stated in principle applies to the situation before us in this case. *Miles v. Bradford,* 22 Md. 170; *Panama Refining Co. v. Ryan,* 293 U. S. 388, 55 S. Ct. 241, Note 79 L. Ed. 476.

The petitioner also stress the rule of construction that long continued public and legislative acquescence in the order of December 28th, 1920, creates an implied presumption of validity, and cites *Trustees of the Catholic Cathedral v. Manning,* 72 Md. 116, 19 A. 599, and *Woelfel v. State,* 177 Md. 494, 501, 9 A. 2nd 826. In those cases it was said that the rule was applicable as some evidence of legislative intent in the construction of the statutes under consideration, but in neither of them was it said that such acquiescence would give validity to an unconstitutional Act of Assembly. In *Arnsperger v. Crawford,* 101 Md. 247, 258, 61 A. 413, 417, 497: "It was urged in argument that this statute [opening private

roads] has been silently acquiesced in so long that it should not now be·disturbed. This argument was urged in *Sadler v. Langham, supra* [34 Ala. 311, 332], but the court replied—justly, as we think—that it was never too late to reestablish constitutional rights, the observance of which has been silently neglected." *Somerset County v. Pocomoke Bridge Co.,* 109 Md. 1, 7, 71 A. 462. It has also been held that long non-observance of a law will not deprive one of his constitutional rights. *Jackson v. Norris,* 173 Md. 579, 598, 195 A. 576.

The petitioner urges that even if the Act of 1920, ch. 41, sec. 21, is invalid or does not apply, then the Act of 1922, ch. 29, the Reorganization Act, section 4, part 1, does. That "All persons in classified service under the Merit System Law, namely, the Act of 1920," shall be unaffected by the Act of 1922. We do not see how this Act can help the petitioner, as we hold his appointment under the Act of 1920, ch. 41, does not put him in the classified service, and the Act of 1922, ch. 29, applies to those legally holding positions under the Merit System.

By the Act of 1939, ch. 70, it was provided in case of the abolition of offices, boards, commissions, departments or other governmental agencies, all persons affected "shall retain their merit system status." Section 5. The petitioner's trouble again is that he never had such a status. His tenure and that of his predecessors and associates is by virtue of appointment by the Governor under section 59, article 41, of the Code.

The Act of 1939, ch. 515, took out of the Merit System a large number of employees, but did not name the position of watchman at Annapolis, and the petitioner, therefore, assumed that he was intended to be retained in the system. If he had ever been in the system, his contention would be correct, but, as we have tried to point out, he never was in the system.

The order sustaining the appellee's demurrer will therefore be affirmed.

*Order affirmed, with costs.*