KELLEY, Etc., et al. *v.* DAVIS, JR., et ux. AND FARLOW, et ux.

[No. 199, September Term, 1963.]

*Decided February 7, 1964.*

The cause was submitted on the brief to BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and SYBERT, JJ.

Submitted by *L. Paul Ewell* for appellants.

Submitted by *John L. Sanford, Jr.,* for appellees.

PRESCOTT, J., delivered the opinion of the Court.

This is an appeal from two identical decrees (except for their case numbers) of the Circuit Court for Worcester County, passed on the same day in two similar cases, Nos. 7772 and 7773 Chancery, which had been consolidated for trial and submitted for determination upon the bills of complaint of the appellants, appellees' answers, exhibits, and a stipulation of facts. Since the points of law involved in each of the cases are the same and the facts and pleadings differ only in the names of the appellees, and since the two contracts of sale involved, by which the appellees in each case purchased from the appellants separate parcels of an entire tract of land and separate portions of personal property described in a former contract of sale (not between the same parties) differ only in the description of property and the terms of sale, not pertinent to this appeal, the parties have briefed and argued the case, for the main part, as one appeal, and we shall treat it likewise.

Apparently, the cases are "friendly" suits attempting to establish good and merchantable title in the appellants in and to certain real and personal property, so that they may convey the same, in accordance with the contracts, to the appellees. The appellees contended that there were seven matters that created clouds upon the title of appellants' properties. The Chancellor denied the relief sought by appellants and dismissed their bills of complaint, and they appealed.

We now refer to the appeal wherein the Farlows are appellees, but, as indicated above, what we say with reference to it applies also to the appeal wherein the Davises are appellees.

It must be noted at the outset that this is not a suit for spe-

cific performance of the contract. If it were, different principles, possibly, would have to be applied in determining the correctness, *vel non,* of the Chancellor's decree.[1] The only relief requested in the bill of complaint is that the court "pass a decree declaring all questions of doubt as to the title to the property in question, real and personal, raised by the litigants mentioned in these proceedings or any one of them, is hereby removed," and "that the [appellants] may grant and convey to the [Farlows] * * * all such rights as they have in the property in question, free and discharged of any cloud on the title to the property in question raised by the litigants, or any one of them, mentioned in these proceedings."

The seven matters that appellees contend are clouds upon appellants' title are a judgment obtained by a Mrs. H. A. Trebler against one Marie Codd Cook, four equity suits, one action at law, and a contract of sale. In the posture that the case reaches us, it is unnecessary to set forth in detail appellees' contentions relative thereto. The only parties to this suit are the parties to the contract of sale involved herein. If the declaratory relief prayed by the appellants be granted, it necessarily would foreclose possible interests of a number of persons not parties to the suit. This cannot be done. Code (1957), Article 31A, Section 11; *Williams v. Moore,* 215 Md. 181, 137 A. 2d 193.

In his opinion, the learned Chancellor considered, *seriatim,* the claims of the appellees. Some he felt constituted clouds; others not. However, he unfortunately failed to include any of these findings in his decree, in which he denied the relief sought by the appellants and dismissed their bill of complaint. The trial court's opinion constituted no part of its decree. It is the decree of a court of equity that is the vehicle through which it operates in granting or denying relief. *Reddick v. State,* 213 Md. 18, 130 A. 2d 762. Consequently, the case is not ready for our consideration of the items dealt with by the Chancellor in his opinion.

---

1. Compare Berlin v. Caplan, 211 Md. 333, 127 A. 2d 512; Sinclair v. Weber, 204 Md. 324, 104 A. 2d 561; Oppenheimer v. Micbar Co., 192 Md. 192, 63 A. 2d 765; McCeney v. Thibadeau, 215 Md. 77, 137 A. 2d 206; 15 Md. L. Rev. 272.

498

The present posture of the case illustrates another matter that we have tried to make clear: the undesirability, generally, of sustaining a demurrer to, or dismissing, a bill praying declaratory relief. The rule concerning the same and the reasons therefor are set forth in some detail in *Shapiro v. County Comm.,* 219 Md. 298, at pp. 302, 303, 149 A. 2d 396, so we shall not repeat them here. See also *John B. Robeson v. Gardens,* 226 Md. 215, 172 A. 2d 529; *Reed v. Pres. of North East,* 226 Md. 229, 172 A. 2d 536; *Md. Committee v. Tawes,* 228 Md. 412, 419, 180 A. 2d 656. Had the appellants been afforded an opportunity to amend by adding the necessary parties and they had done so, or upon being afforded such an opportunity, they had declined, the suit would now be ready for final decision. As the suit now stands, the administration of justice will, we think, be best subserved by remanding the case without affirmance or reversal so that necessary parties may be added and further proceedings had whereby the issues between the parties may be finally adjudicated.

> *Decrees neither affirmed nor reversed; suits remanded for further proceedings, costs to abide the result.*