# SMALL v. SECRETARY OF PERSONNEL OF THE STATE OF MARYLAND

[No. 135, September Term, 1972.]

*Decided January 3, 1973.*

*Motion for rehearing filed February 2, 1973; denied February 5, 1973.*

The cause was argued before MURPHY, C. J., and McWILLIAMS, SINGLEY, SMITH and LEVINE, JJ.

*Edward F. Seibert,* with whom were *Alan Edgar Harris* and *Harris & Seibert* on the brief, for appellant.

*James F. Truitt, Jr., Assistant Attorney General,* with whom was *Francis B. Burch, Attorney General,* on the brief, for appellee.

MURPHY, C. J., delivered the opinion of the Court.

By letter dated October 30, 1970, the Director of the Maryland State Department of Juvenile Services notified appellant Small that "[p]ending further approval of the State Secretary of Personnel, this will confirm your temporary appointment to the Classification, Juvenile Transportation Officer, effective October 29, 1970 at the rate of $6224 per annum." The Director's letter advised Small that "[s]ince permanent appointments to the Classified Service [of the State] are made through the

selection from eligible lists established as a result of Merit System examinations, it is essential that you take the next scheduled examination for your Classification and attain that final score which would place your name within the first five eligibles for this Classification."

On January 25, 1971, Small took the Merit System examination. On February 9, 1971, he was notified by the Director that his services had been unsatisfactory and since he was "a temporary pending examination employee and have not served a probationary period" he was being terminated as of February 24, 1971 "in full compliance with the State of Maryland Employees' Personnel Rules." [1] On February 17, 1971 the Merit System eligible list was published; Small placed third on the list.

Promptly after his discharge from State employment, Small filed a petition for a writ of mandamus against the Secretary of Personnel alleging that his services had been terminated "in a manner not complying with the Merit System outlined in Article 64A of the Annotated Code of Maryland, 1957 Edition"; that "[s]aid termination was and is based on fabrication and the egotistical whims of those in power as the appointing authorities"; and that "your petitioner seeks no more than a just and fair hearing before the Secretary of Personnel and let the Secretary of Personnel's decision be the deciding authority in your Petitioner's termination."

The Secretary, answering the petition, claimed that Small was a temporary appointee under § 22 (b) of Article 64A and, as such, his temporary appointment could in no event last longer than the period of time required to establish an eligible list; and that § 33 of Article 64A, which afforded a hearing as a prerequisite to removal from the classified service, did not apply to temporary employees appointed pending examination.

---

1. The reasons underlying Small's termination were outlined to him, in writing, in some detail.

Judge Charles D. Harris, in the Superior Court of Baltimore City, agreed with the Secretary's position. He said:

"There is nothing in the Merit System which gives any temporary employee the right to a hearing before discharge. He can be discharged at any time. It is only after you have taken the examination, passed the examination, and appointed as a result of that examination that your probationary period even begins. . . . The only employees under the State Merit System who are entitled to a hearing are permanent employees who have taken and passed the examination, and have been appointed to a permanent position as a result of that examination. It is then, and then only, that the period of probation begins.

"During that ensuing probationary period, even though that employee is a permanent employee, he can be discharged without reason and without cause. After that period he is entitled to a hearing."

On appeal, Small claims that in the letter confirming his temporary appointment no mention was made of any probationary status; that his employment and his probationary period, began with his appointment by the Director; that he had completed a ninety-day probationary period at the time he successfully passed the Merit System examination and was placed on the eligible list for permanent employment; that, having completed his probationary period, he could not, by reason of the provisions of § 33, be removed from the classified service except for cause, upon written charges and after an opportunity to be heard in his own defense; and that his temporary status ceased once the eligible list was established and he then, without more, became a permanent employee. Small urges that the record clearly dem-

onstrates that he was employed "on a long term basis" and had "no reason to believe that his association as an employee with the State would be anything less than permanent."

Small's arguments are, we think, patently frivolous. Without question, Small's appointment was a temporary one, made pending establishment of an eligible list for permanent employment within the classified service of the State, as authorized by Rule 34 of the State Employees Personnel Rules and § 22 (b) of Article 64A.[2] Rule 37, dealing with "Persons subject to probation," provides that persons appointed to the classified service with permanent appointment status shall serve a designated probationary period but that "[a]ny person appointed to a position on a temporary . . . basis is not subject to a probation period." § 33 of Article 64A provides that "[n]o employee who has completed his probation may be permanently removed from the classified service except for cause, upon written charges and after an opportunity to be heard in his own defense. Rule 47 is to the same effect. Small's placement among the five highest applicants taking the Merit System examination simply made him eligible for permanent appointment status in the classified service. Article 64A, § 17. But unless and until such an appointment was made, no probationary period would begin to run. Since Small, although eligible, was not selected for permanent employment status, he never acquired any of the rights afforded such persons. At the time of his discharge, Small was a temporary employee and could be removed without a hearing, for any reason or for no reason, as Judge Harris quite properly concluded.

Small raises the additional question whether Article 64A is so vague and indefinite "as to make the entire

2. § 11 of Article 64A authorizes the Secretary to make such rules as he deems necessary or proper to carry out the provisions of the Article. Such rules, when made, have the force and effect of law.

Statute unconstitutional or not subject to construction."
No argument whatsoever is advanced in support of the
contention. Since the point was neither raised nor con-
sidered below, it is not properly before us. Maryland Rule
885.

*Judgment affirmed with costs.*