URBANA CIVIC ASSOCIATION, INC. ET AL. *v.* THE FREDERICK COUNTY BOARD OF COUNTY COMMISSIONERS ET AL.

[No. 33, September Term, 1974.]

*Decided October 14, 1974.*

The cause was argued before MORTON, MOYLAN and MOORE, JJ.

*Herbert D. Morrison,* with whom was *W. Milnor Roberts* on the brief, for appellants.

*Joseph S. Kaufman,* with whom were *Ralph D. Gastley* and *David E. Aldridge* on the brief, for appellees.

MOORE, J., delivered the opinion of the Court.

The single question raised on this appeal is whether the decision of the trial court sustaining a demurrer in a suit for a declaratory judgment was procedurally appropriate.

On July 31, 1973, the Frederick County Board of County Commissioners adopted an ordinance approving an application for a "Planned Unit Development" (P.U.D.) proposed by Leisure Village-Maryland, Inc. in the Urbana region of the County. Appellants, members of the Urbana Civic Association and neighboring property owners, filed a bill of complaint for declaratory relief challenging the passage of the ordinance. They contended that the Planned Unit Development enabling legislation, § 40-23 of the Frederick County Zoning Ordinance, was unconstitutional on a number of grounds: that it was adopted at a closed executive session rather than at a public meeting; that there was no statutory right of appeal from the action of the County Commissioners in approving plans; and that the enabling ordinance exceeded the authority of the Frederick County Commissioners. Finally, they contended that the P.U.D. ordinance amounted to spot zoning and as such was

invalid. The appellees-respondents filed a combined demurrer and answer. This demurrer was sustained by Judge Barrick with leave to amend.

The appellants then filed an amended complaint which differed from the first principally by an allegation that the plaintiffs were aggrieved and would suffer financial loss because of the Planned Unit Development. In addition certain parties plaintiff were added and deleted. A demurrer was also interposed to the amended bill and after hearing oral argument "and concession of counsel" on January 11, 1974, Judge McAuliffe sustained the demurrer without leave to amend, detailing his reasons in an oral opinion dictated to the court reporter from the bench.

At the outset of his well-considered opinion, Judge McAuliffe noted that "the general law on this subject is that a demurrer is rarely the appropriate vehicle to challenge the sufficiency of a bill for declaratory relief." He concluded, however, that there were some cases in which a demurrer was appropriate, such as those in which the facts pleaded, taken as true, "still do not mount up a claim for which relief should be granted" and that the action by the court would be in the nature of a *"sua sponte* summary judgment." After consideration and discussion of each of appellant's contentions, he found them without merit.

The formal order thereafter filed the same day, however, did not dispose of the case by a summary declaratory judgment and made no formal declaration of the rights of the parties, save by reference to the oral opinion. The order was as follows:

> "In accordance with the Memorandum and Opinion dictated to the court reporter this date, it is, this 11th day of January, 1974, by the Circuit Court for Frederick County, sitting as a Court of Equity,
> ORDERED that the demurrer to the amended Bill of Complaint be and the same is hereby sustained, without leave to amend, and the amended Bill of Complaint is dismissed; with costs to be paid by the Plaintiffs."

Although the court's substantive determinations are not before us, we note that in response to the contention that the enabling ordinance was invalid because it was adopted at an executive session the court held that Art. 25, § 5 of the Annotated Code of Maryland which provides that no ordinance shall be finally adopted at an executive session from which the public is excluded, was a "directory statute" and not mandatory. It was also held that the ordinance was valid despite the absence of any statutory right of appeal, citing *Urbana Civic Association v. Urbana Mobile Village, Inc.*, 260 Md. 458, 272 A. 2d 628 (1971). Furthermore, the court observed that acts by administrative bodies are subject to judicial review, notwithstanding the absence of any statutory right of appeal, "on bills of mandamus, injunction or for declaratory relief to determine whether the action was arbitrary or capricious." (This determination also answered the appellants' third contention that the ordinance exceeded the authority of the County Commissioners because it lacked the right of appeal). Finally, the court held that the ordinance did not amount to spot zoning either as written or as applied to this case, but instead embodied relatively recent, but not illegal, concepts of the floating zone or planned unit development.

As stated earlier, the appeal brings up for review none of the court's substantive decisions but only the narrow question of whether or not the procedure employed of sustaining the demurrer was proper. For the reasons discussed below, we find that it was technical error to sustain the demurrer.

It was held in *Schultz v. Kaplan*, 189 Md. 402, 407, 56 A. 2d 17 (1947), citing *Ryan v. Herbert*, 186 Md. 453, 47 A. 2d 360 (1946) that the purpose of the Uniform Declaratory Judgments Act as amended in 1945 was to make declaratory judgment "concurrent with existing remedies and to declare that the existence of another adequate remedy at law or in equity should not preclude a judgment for declaratory relief in cases in which it was appropriate." The Court of Appeals has held repeatedly when considering demurrers to bills of complaint for declaratory judgment that:

> "[D]emurrers *rarely* should be sustained or bills dismissed without a declaration of the rights of the parties, when declaratory relief is prayed. *Md. Committee v. Tawes,* 228 Md. 412; *Reed v. Pres. of North East,* 226 Md. 229; *John B. Robeson v. Gardens,* 226 Md. 215; *Shapiro v. County Comm.,* 219 Md. 298; *Case v. Comptroller,* 219 Md. 282." *Myers v. Chief of Fire Bureau,* 237 Md. 583, 591, 207 A. 2d 467, 471 (1965); also followed in *Garrett County v. Oakland,* 249 Md. 400, 240 A. 2d 228 (1968) (Emphasis added.)

The Court of Appeals considered the issue at length in *Hunt v. Montgomery County,* 248 Md. 403, 237 A. 2d 35 (1968) in an opinion by Chief Judge Hammond. In *Hunt* a bill for declaratory relief came before the court on demurrer upon the agreement of all parties. The record showed that the demurrer was intended to present to the court the question whether as a matter of law the petitioners were entitled to the declaration they sought and was not intended to test whether the allegations of the petition presented a justiciable controversy. After hearing extensive argument the Chancellor, Judge Clapp, issued a declaration on the issues involved without ruling on the demurrer. When there was a later request that he decide the demurrer he refused. Recalling that the parties had agreed that there was no dispute as to the facts alleged but only as to their legal effect, he added, *Hunt, supra* at 408:

> "I can only say I feel that I have, to date, complied with the decisions of the Court of Appeals on declaratory judgments. I notice in *Myers v. Chief of Baltimore County Fire Bureau,* 237 Md. 583, the statement, 'that demurrers rarely should be sustained or bills dismissed without declaring rights of parties.' And that was the reason that I have suggested in making up the formal decree the statement should be made that had this been an ordinary suit in law or equity, the demurrer should

have been sustained because I felt the Bill was legally insufficient and in view of my interpretation of the action of the Council in these ordinances, but that it should further state in view of the fact that this is a petition for declaratory judgment, that the rights of the parties should have been declared in accordance with my opinion as outlined."

On appeal, the single issue was presented as to whether it was proper to issue a declaratory judgment without ruling on the demurrer. The Court of Appeals held that the trial court had in effect granted a summary declaratory judgment and was justified in doing so. Judge Hammond stated that ordinarily the only place a demurrer has in a declaratory judgment action is to challenge the legal availability of the remedy sought to be used. He cited *Shapiro v. County Commissioners*, 219 Md. 298, 149 A. 2d 396 (1959) for the proposition that the ultimate ruling on the petitioners' entitlement to the specific declaration sought is not material when the trial court is considering a demurrer in a declaratory judgment action. The Court also quoted from a succinct statement of the law found in 22 Am.Jur.2d Declaratory Judgments, § 91 (1965):

"Where the plaintiff's pleading sets forth an actual or justiciable controversy, *it is not subject to demurrer since it sets forth a cause of action, even though the plaintiff may not be entitled to a favorable declaration on the facts stated in his complaint;* that is, in passing on the demurrer, the court is not concerned with the question whether the plaintiff is right in a controversy, but only with whether he is entitled to a declaration of rights with respect to the matters alleged." (Emphasis added.)

Judge Hammond went on to state that it would have been error for Judge Clapp to have sustained the demurrer since there was a justiciable controversy. Furthermore, no useful purpose would have been served in overruling the demurrer since there was no dispute of fact. A summary declaratory

judgment was proper even though no formal motion for summary judgment was made. *Myers v. Montgomery Ward & Co.*, 253 Md. 282, 252 A. 2d 855 (1969). In *Myers* the Court of Appeals approved the action of the trial court in treating a demurrer as if it had been a motion for summary judgment. Speaking for the Court, Judge Singley observed at 253 Md., p. 289:

> "The court below, in response to a motion made by Myers, filed a 'statement of the grounds for its decision' as required by Rule 18 c. It is quite apparent, although the court did not so state in its memorandum, that the demurrer was treated as if it had been a motion for summary judgment filed under Rule 610, since the court addressed itself to each of the alternative legal theories advanced by the declaration. A motion for summary judgment can be made by a party at any time in a proceeding, Rule 610 a 1; *Cox v. Sandler's, Inc.*, 209 Md. 193, 120 A. 2d 674 (1956), when it appears that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. A court may enter summary judgment of its own motion, Rule 610 d 1; *Hunt v. Montgomery County*, 248 Md. 403, 237 A. 2d 35 (1968), and the granting of summary judgment on a motion which is defective in form is not reversible error if there is no genuine dispute as to any material fact, *Fletcher v. Flournoy*, 198 Md. 53, 81 A. 2d 232 (1951)."

The teaching of *Hunt, supra,* is that demurrers in declaratory judgment actions are permissible for a very limited purpose. They are proper if, for example, the plaintiffs do not have standing to bring the action or if there is no controversy which is justiciable. There is no allegation in this case that the plaintiffs below presented no justiciable controversy. Furthermore, the defect of parties in the original bill was cured after Judge Barrick sustained the first demurrer with leave to amend. The second demurrer was sustained because, in the opinion of Judge McAuliffe the

plaintiffs-appellants were not entitled as a matter of law to the declaration which they sought, accepting as true the facts well pleaded. We conclude that the written order of the judge should not have sustained the demurrer and dismissed the complaint but rather should have granted a summary declaratory judgment for the defendants-appellees *including* written declarations concerning the matters for which declaratory relief was sought.

The distinction between the sustaining of a demurrer and the granting of summary judgment is not semantic. There is cogent reason for insisting that the correct technical procedure be followed because the plaintiff is, under the Uniform Declaratory Judgments Act, entitled to a judicial declaration of his rights if the controversy which he alleges is justiciable.

Appellees contend that the trial court sustained the demurrer "in the form of a summary declaratory judgment" because the *oral* opinion noted that its actions could be considered as either a granting of the demurrer or as a *sua sponte* summary judgment. This ignores, however, the fact that the signed order did not mention summary judgment and, more importantly, that there was no written decree or order declaring the rights of the parties. *Compare, Myers v. Montgomery Ward & Co., supra.*

The necessity for such a written declaration has recently been emphasized by the Court of Appeals in *Logan v. Town of Somerset*, 271 Md. 42, 314 A. 2d 436 (1974). The suit involved a bill for declaratory and injunctive relief in connection with the construction, use, and operation of a municipal swimming pool and came before the trial court on cross motions for summary judgment. The opinion of Judge Barnes states, in part, that the trial judge on August 24, 1972 "after hearing arguments and considering trial memoranda, delivered a comprehensive oral opinion from the Bench, giving his opinion on the various questions raised by the seven 'counts' of the amended bill of complaint, the answer, and the stipulated facts." At the conclusion of the oral opinion the court indicated its intention, in the event of an appeal, to "edit the transcript" and to make "such additions as may be required by any inadvertent omissions."

Illness intervened, however, and on April 18, 1973 the court signed the decree appealed from which read:

> "ORDERED, that the amended Bill of Complaint for injunctive, declaratory and other relief be and the same is hereby dismissed in accordance with the reasoning set forth in the Memorandum Opinion of this Court filed herein."

The Court of Appeals modified the decree of the Chancellor, striking out the provision for dismissal of the bill and making additions declaring the rights of the parties. The Court stated:

> We have concluded that the chancellor should have rendered declarations in regard to the matters for which declaratory relief was sought, rather than obliquely incorporating his opinion on these questions into the preliminary recitation of the decree and then *dismissing* the amended bill of complaint. Since we are, however, of the opinion that inasmuch as the facts are not in dispute— being stipulated — and further that Judge Moore's conclusions given in his oral opinion on the various matters for which declaratory relief was sought are correct, we will formulate the appropriate declarations in this opinion, modify the decree of April 18, 1973, by striking out the dismissal of the bill of complaint and substituting the declarations set forth in this opinion in lieu of that dismissal, and affirm the decree as modified." 271 Md. at 45-46.

Because appellants do not challenge on this appeal the substantive adjudications of the lower court, we may not formulate the declarations for the trial court as did the Court of Appeals in *Logan.* Indeed, it must be recognized that such action on the part of an appellate court would be taken only in the exceptional circumstances there

presented.[1] We instead remand the case to the trial court for a modification of the decree so as to order a summary declaratory judgment for the defendants and to incorporate a declaration in accordance with the court's oral opinion. This remand is for that limited purpose. Judge McAuliffe did not hold an evidentiary hearing since he concluded that the facts alleged in the Bill of Complaint, even accepted as true, would not legally support the declaration prayed by the plaintiffs. There being no factual dispute to resolve, to conduct further proceedings upon remand would serve no useful purpose.

> *Cause remanded without affirmance or reversal for the entry of a modified decree in accordance with this opinion and the oral opinion of the trial court on January 11, 1974; costs to be divided between appellants and appellees.*

1. In addition to the extended lapse of time between the date of the oral opinion and the entry of the written order, occasioned by illness, at the time of the decision by the Court of Appeals in Logan, the trial judge had been appointed as an Associate Judge of this Court.