467 A.2d 562

**Loy W. KIRKPATRICK et al.**

v.

**Charles W. GILCHRIST et al.**

**No. 1889, Sept. Term, 1982.**

Court of Special Appeals of Maryland.

Nov. 4, 1983.

244

Victor A. Altman, Washington, D.C., with whom were Daniel Randolph Cole, Jr., Patrick J. Clancy, Annapolis, and Krooth & Altman, Washington, D.C., on the brief, for appellants.

Joyce R. Stern, Asst. County Atty. for Montgomery County, with whom were Paul A. McGuckian, County Atty. for Montgomery County, and Robert G. Tobin, Jr., Deputy County Atty. for Montgomery County, on the brief, for appellee, Gilchrist.

Charles S. Rand, Bethesda, with whom were James J. Cromwell, James W. Tavel and Beckett, Cromwell & Myers, P.A., Bethesda, on the brief, for appellee, developers.

Argued before LOWE, WEANT and BLOOM, JJ.

LOWE, Judge.

Contending that they were deprived of a statutory right to information sufficient upon which to decide whether to purchase units in a proposed condominium, tenants of the apartment complex subject to conversion sought a judgment in the Circuit Court for Montgomery County declaring that appellee Gilchrist (County Executive of Montgomery County) had approved improperly an incomplete "property report" required by law to be filed with him. In the suit, also directed against the owners and developers of the complex, appellants sought permanently to enjoin conversion, or at least until proper approval of a new report was obtained. They further sought to have the matter declared to be a class action. Significantly there has been no effort to obtain a temporary injunction, or otherwise to forestall the conversion.

A demurrer sustained (by Judge Fairbanks) to the original bill struck the tenants' association as a party plaintiff and the court's opinion narrowed the focus of any permissible cause of action to executive acts which might have been so arbitrary or capricious as to deprive plaintiffs of due process. The court expressly found that at that time it was unneces-

sary to decide whether the action was properly a class action. In light of the ultimate disposition of the case hindsight reveals that decision to have been an unfortunate one.

Be that as it may, appellants filed an amended bill to which appellees demurred generally, alleging a failure to comply with the substantive restrictions suggested by the opinion sustaining the former demurrer. Without a hearing or opinion this demurrer was overruled by Judge Cahoon who subsequently explained his reasoning to have been that a demurrer to substantive matters was an inappropriate way to dispose of declaratory judgments. See, *e.g., Urbana Civic Ass'n v. Frederick Co.,* 23 Md.App. 49, 325 A.2d 755 (1974). Once again appellees requested a ruling on the question whether this case was an appropriate class action. Although we are unable to glean the vaguest hint from the record that the judge addressed that issue, appellants argue ironically that the judge implicitly determined that this case is a class action.

The judge dismissed the case, with prejudice, upon preliminary motion, for want of interested parties pursuant to Md.Cts. & Jud.Proc.Code Ann. § 3–405(a), noting that:

"From this record it is abundantly clear that the contract purchasers of the 500 apartment units have not been joined nor have any of those having acquired a mortgage interest in the condominium regime. From a review of the scope of the declaratory relief sought, it is manifest that a declaration in these proceedings would affect the interest of those persons. For these reasons, the Court will grant the Motion Raising Preliminary Objection and dismiss the action. There having been no efforts through this extended litigation to join these interested parties, the dismissal will be with prejudice."

Applying their implied holding of a "class action" principle, appellants argue that the judge even determined the bounds of the class (*i.e.,* contract purchasers and mortgagees) and thus

"... the lower court abused its discretion by deciding on the initial pleadings that this suit is in effect a class action which should include all contract purchasers and mortgagees in the condominium regime."

Such an interpretation of Judge Cahoon's opinion obfuscates the issue to appellants' own detriment.

We need not reach the question of whether the contract purchasers and mortgagees were necessary parties whose interests would be affected by a declaration. Cts. Art. § 3–405.[1] The issue is whether appellants' inaction in adding them was so inexcusably dilatory as to warrant dismissal "with prejudice", keeping in mind that amendments are being allowed with increasing liberality. Judge Singley pointed out for the Court of Appeals in *Crowe v. Houseworth*, 272 Md. 481, 485, 325 A.2d 592 (1974), that the Court has

"said that amendments should be freely allowed in order to promote justice, *Earl v. Anchor Pontiac Buick, Inc.*, 246 Md. 653, 656, 229 A.2d 412, 414 (1967) so that cases will be tried on their merits rather than upon the niceties of pleading, *Hall v. Barlow Corp.*, 255 Md. 28, 39–40, 255 A.2d 873, 878 (1969). Additional parties plaintiff may be added, *Ehrlich v. Board of Education of Baltimore County*, 257 Md. 542, 547–50, 263 A.2d 853, 856–57 (1970), subject only to the limitation contained in Rule 320 b 2(a) that 'some one of the original plaintiffs and some one of the original defendants must remain as parties to the action.'"

Appellants initially appear to have been cognizant of the problem concerning who should have been included as necessary parties (*i.e.*, those persons who had or claimed any interest in the proceeding; § 3–405). Knowledge of the

---

1. Appellants do not argue that the contract parties were not necessary parties. Rather they contend primarily that the class action impliedly granted sufficed to include them but was improperly decided without a hearing on the class's definition. As an afterthought by rebuttal brief, appellants contend that because the contract parties would benefit, there was no need to serve them.

possible standing of the unnamed parties is clear from the prayer for certification of the cases as a class action wherein appellants sought to be the

> "representatives of the class of tenants and prospective purchasers at the Willoughby Apartments, or of a lesser appropriate class."

While there is some question in our mind whether "prospective purchasers" following the institution of suit against the developer would be necessary parties (since they would seem to take subject to the rights of the owner under the doctrine of *lis pendens* once suit is filed),[2] appellants were not even permitted to amend to join them as they become prospective purchasers.[3] Appellants, however, had anticipated such problem by asking to be their representative in a class action which would have avoided the cumbersomeness apparent in joining these people as parties.

Md.Rule 209, the class action rule, is by its very nature procedural. Its popularity as a public interest device has obscured its practical procedural purpose, which is readily apparent by its expressed applicability.

> "When there is a question of law or fact common to persons of a numerous class *whose joinder is impracticable,* one or more of them whose claims or defenses are representative of the claims or defenses of all and who will fairly and adequately protect the interests of all may

---

2. "In any action to which the doctrine of *lis pendens* is applicable, service of process shall not be necessary to create *lis pendens*." Md.Rule BD1. The Committee note to the rule points out that "[i]t is the express intention of Lis Pendens Rule to overrule the existing case law, which holds that the mere filing of the original pleading does not create lis pendens, but that there must also be service of process."

3. At argument counsel could not tell us if or how many prospective purchasers existed prior to the filing of suit in April of 1981. The record reflects only that in July 1981 35% of the units had been contracted for; however, none of the contract purchasers were of record and none were expressly known to appellant even when the court placed the burden of suing and serving over 500 of them.

sue or be sued on behalf of all." Md.Rule 209 a (emphasis added).

If the request for a certification is opposed, whenever "a class action is maintained of right, the court may adjudicate and declare the non-representative character of the action and render judgment specifically determining that only the parties to the action are bound thereby." Md.Rule 209 b.

The court is admonished by Rule 209 c to require notice to class members,[4] and is urged to innovate in fashioning protections for them—

"The court at any stage of the action may impose such terms as shall fairly and adequately protect the interest of the persons on whose behalf the action is brought or defended, including an order that notice be given in such manner as it may direct: (1) of the pendency of the action, (2) of a proposed settlement, (3) of rendition of judgment, (4) to come in and present claims, or (5) of any other proceedings in the action"—

and the class action shall not be dismissed or compromised but with court approval. Rule 209 d.

■ In short, the primary purpose of this rule is to overcome the impracticalities of overtly cumbersome joinder requirements. In *Bender v. Sec. Dep't of Personnel,* 290 Md. 345, 430 A.2d 66 (1981), the Court of Appeals addressed "a question involving necessary parties to a declaratory judg-

---

4. Appellants' reliance upon *Reddick v. State,* 213 Md. 18, 130 A.2d 762 (1957), for the principle that constructive notice (presumed knowledge) was adequate (even if class action had been allowed) is completely in error. The declaratory judgment act *mandates* notice which was factually alleviated in *Reddick* only because all of the interested parties in that case actually appeared as witnesses and indicated their full knowledge of the proceedings and what was involved therein. The narrow exception to the mandatory rule which was sanctioned by the Court in *Reddick* requires a showing in the record reviewed that the missing necessary party had full knowledge (not constructive knowledge) of the pending litigation, and that it affects, and will determine, his rights, but who without attempting to intervene knowingly permits a conclusion thereof without objection. *Id.* at 30, 130 A.2d 762.

ment action." While holding that all 350 persons who had an interest in the declaration were necessary parties, the Court of Appeals remanded the case

"... with directions to permit either an amendment adding the 350 unclassified employees as parties or, if appropriate, a class action under Md.Rule 209." *Id.* 290 Md. at 356, 430 A.2d 66.

The message suggested to us by *Bender* apropos to our present concern, is that the trial judge should have decided appellee-developer's renewed request for ruling on class action before or concurrently with the ruling on the appellants' motion for preliminary relief predicated upon want of necessary parties. A party clearly has the right to expect the determination of any pending motions which may affect the outcome of the case prior to a decision.[5] Regardless of the merit of such motions, absent waiver, express or implied, a court failing to rule on them may be subject to reversal. We do not agree with appellants that by finding the contract purchasers and mortgagees to be necessary parties, the judge necessarily determined "in effect" that this case is a class action. Had he done so, the "necessary parties" would not have to have been joined in the more formal sense. Notice, together with discretionary requisites protecting their rights and interests, would have to be prescribed under Rule 209 c as a substitution for the "impracticality" of formally joining over five hundred people.

Upon remanding the case for determination of the class action issue we by no means suggest the conclusion to be reached, nor do we reach the question whether the contract purchasers are necessary parties. As Judge Davidson noted in *Bender,* the alternative (to permitting an amendment adding the necessary parties) of permitting a class action was only to be allowed "if appropriate". Upon remand, we further suggest to the trial judge that if class

---

**5.** But in the absence of such ruling appellants may not assume it was implicitly granted as appellants have argued in this appeal.

action certification is appropriate, the appellants' early and expeditious request would seemingly alleviate their failure to join formally the cumbersome "class", if such it is determined. If, on the other hand, certification is inappropriate, the judge should reconsider the dismissal-with-prejudice in light of whether the unadjudicated request for class action certification was sufficient to excuse the failure to join all members of the class and consider whether any missing parties that are necessary to the proceeding might be added by amendment. *Crowe v. Houseworth, supra.*

■■■ This brings us to the motion of appellee developers to dismiss the appeal as moot. We deny that motion because it is predicated upon facts alleged, but unproven as part of the record, there having been no evidentiary hearing. We cannot upon appeal accept factual conclusions as if we were a trial court deciding a motion for summary judgment. Furthermore, both sides have asked us either to determine whether a condominium regime was established or to conclude that it was not. To make such determination *de novo* is not our permitted role. Nor are we to give advisory opinions concerning what laws apply and who, if anyone, violated them as is requested by appellees. *Harford Co. v. Schultz,* 280 Md. 77, 80–81, 371 A.2d 428 (1977) and *Hammond v. Lancaster,* 194 Md. 462, 471–472, 71 A.2d 474 (1950). All of these issues, as well as the mootness issue, are precisely the issues appellants sought to determine had they not been deprived of their day in court. If the case is moot, that determination should be made after a hearing.

We hold only that the discretionary abuse by the court which warrants reversal and remand consisted of its having decided in a vacuum the prehearing motion to dismiss for want of necessary parties without having considered the pending application for certification of the case as a class action. Since one was a procedural amelioration of the apparent impracticalities of the other, as viewed by the judge, neither could have been decided properly without considering the other. That is especially so in light of the

early request for class action adjudication which was repeatedly requested throughout the "extended" litigation period prior to the time when the want of parties issue was raised.

Finally, we note that appellants' motion to limit their costs is moot in light of the result.

JUDGMENT REVERSED. CASE REMANDED FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION. COSTS TO BE PAID BY APPELLEES.